32734. AIKEN *v.* RICHARDSON.

Decided November 23, 1949. Rehearing denied December 12, 1949.

599

604

*G. Seals Aiken,* in propria persona.

*Randall Evans Jr., Louis L. Brown, J. Wesley Culpepper, F. L. Breen, J. Verlyn Booth, Isaac C. Adams, Ben F. Sweat, Jay D. Bradley,* for plaintiff in error.

*Jones, Williams & Dorsey,* contra.

FELTON, J. ■ A rule instituted by a client against an attorney at law is amendable. *Felton* v. *Smith,* 52 *Ga. App.* 436 (183 S. E. 634).

■ It will be noted that the demurrers to the original rule as first amended were overruled. The demurrers to the second amendment were not passed on because the first and second amendments were withdrawn by the third amendment after the demurrer to the petition as first amended was overruled. It seems to us that it is unnecessary to rule specifically and in detail on all of the judgments which have been excepted to. The original petition contained enough to amend by, and the third amendment brought the petition up to the requirements stated to be sufficient in *Felton* v. *Smith,* supra. It was there stated: "A petition which alleges the collection of a certain sum, agreement as to the amount of the fee, and retention of and refusal

to pay the difference between the amount of the collection and the sums properly deductible therefrom, was not demurrable as showing a mere controversy over disputed rights and credits"; and the court there held that the petition, as it was sought to be amended, was not subject to demurrer. If the original petition contained enough to amend by, and the last amendment set forth a complete cause of action, it is immaterial what the allegations of the intervening amendments contained, provided they did not so weaken the pleading that it did not thereafter contain enough to amend by, or because of some rule of law which would prevent their being stricken after the court had ruled that they were allowable and proper. We do not think that there was any reason why the first and second amendments could not be withdrawn. The court in its order on the demurrers to the petition and first amendments stated, in its reasoning on the questions, that the plaintiff had agreed to pay the defendant $467 for expenses even if the cases were settled for less than $4550. The defendant contends that this statement became the law of the case, and that the plaintiff invoked the ruling and is estopped to obviate its effect by withdrawing the pleadings showing the agreement to pay $467 for expenses. In the first place, the plaintiff did not invoke such a ruling. All the plaintiff invoked was a ruling on the demurrer. In the second place, the statement by the judge was not a judgment but a mere statement of a reason for a conclusion which he had reached as to a part of the case that did not affect his judgment, and the statement was not binding on the judge nor is it binding on this court. In the third place, the correspondence referred to in the first amendment did not contain an agreement by the plaintiff to pay $467 for expenses at any and all events, nor did it contain an admission that the defendant had expended $750 for expenses. The failure of the defendant to correctly interpret this correspondence is, in our opinion, the cause of this most unfortunate litigation. This correspondence shows a statement by the defendant that he had expended $750 for expenses and that he would accept $467 in satisfaction if a settlement was effected. It shows that the plaintiff did not admit or agree that any definite amount had been spent for expenses, but that he agreed to pay $467 to the defendant on account of expenses if the cases were

settled for $4550. The parties were at that time negotiating on a $4000 settlement. The almost inescapable import of the plaintiff's letter was that he would agree to the payment of $467 for expenses, whether he had a statement of them or not and whether they were actually due or not, provided the increase in settlement was sufficient to cover or more than cover the amount of expenses agreed to be paid. In the correspondence there was no effort to come to any agreement or understanding as to what amount had been spent for expenses by the defendant or what amount the plaintiff would pay if the cases were settled for less than $4550. It therefore follows that the first and second amendments were properly allowed to be withdrawn. They are not now a part of the pleadings and cannot be considered except in the manner above shown. If there is anything in them which is damaging to the plaintiff, it cannot now be considered in a ruling on the demurrers to the petition as finally amended. The court properly refused at a succeeding term to entertain a motion to vacate the ruling on the demurrers to the petition as first amended at a preceding term; but the question raised is, of course, the same as we have already mentioned, to wit, whether the demurrer to the petition as first amended was properly overruled. The defendant cannot complain because the plaintiff in the third amendment wrote off a small sum from his demand, especially when the amendment shows that he was not required to do so. Without ruling on all of the exceptions made, we hold that the only rulings necessary are: that the petition as first amended contained enough to amend by; that the ruling of the court on the first amendment did not preclude its withdrawal; and that the petition as amended the third time was not subject to the demurrers urged.

The court did not err in overruling the demurrers and objections to the petition as finally amended.

*Judgment affirmed. Sutton, C. J., and Worrill, J., concur.*